[No. 14151. Department Two. January 9, 1918.]

PETER A. EVENSON, *Respondent*, v. N. BAUM *et al.*, *Appellants.*[1]

BILLS AND NOTES—ACTION—EVIDENCE—SUFFICIENCY. Findings that defendant was liable upon a note as maker are sustained where, notwithstanding the complicated manner in which the parties acted and the substitution of another's note in the transaction, it is evident that the note given was to remain as security for the substituted note which was taken by the bank desiring the third party to appear in the matter as a maker, so that he could raise no question as to the bank's claim upon the security note in question.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 6, 1916, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Flick & Paul*, for appellants.

*R. A. Mackey* and *Edgar J. Wright*, for respondent.

MORRIS, J.—Upon the argument of this case, the court found some difficulty in ascertaining the facts, but after reading the statement of facts, we found them to be these: On August 5, 1915, E. F. Gifford and W. Curtis Dawley and wife entered into a contract for the sale and purchase of certain land. Upon this contract, $800 was payable on Febru-

[1]Reported in 169 Pac. 819.

ary 4, 1916. On August 16, 1915, Gifford assigned his interest in this contract to appellant Baum, giving Baum a note for $800, due April 15, 1916, as security for the payment on the contract of the $800. Thereafter Baum negotiated a loan from the German American Mercantile Bank at Seattle, giving the bank his note for $800, with the Gifford note of $800 and the real estate contract as security. On October 4, 1915, Evenson and Baum negotiated a deal whereby Evenson accepted the Gifford contract and $800 note in exchange for land owned by him. It was agreed that, as a part of this transaction, Baum would pay Evenson $200 in cash and, in the language of their contract, "arrange a loan with the bank of not less than $400 on said contract and note" (the Gifford contract and $800 security note), said contract and note to remain with the bank as collateral. At this time Baum owed the bank $400 on his original $800. On October 11, Baum paid Evenson $200 in cash and advanced him a further sum of $400 with which to pay certain taxes and assessments then due upon Evenson's property, and Evenson gave to Baum a receipt acknowledging the payment of $600 in full discharge of the amount due him under his contract of exchange. On the same day the bank surrendered to Baum his $800 note upon which $400 was then due, and Baum and Evenson executed a new note to the bank for $400. Default being made in the Gifford note, the bank turned the note with Baum's indorsement thereon over to Evenson for collection, and Evenson brought this action. The lower court found in favor of Evenson, and Baum appeals.

Baum's contention is that he fulfilled his contract with Evenson by paying him the $600 acknowledged by the receipt of October 11, and that the $400 then paid upon Evenson's taxes was to take the place of the $400 he obligated himself to obtain for Evenson at the bank, and that he is now only liable for the $400 due the bank upon the Evenson and Baum note and is not obligated to Evenson in any sum.

This contention overlooks the fact that Evenson is the owner
of the $800 security note, and default having been made in
the obligation which it was given to secure, he is entitled to
realize upon it subject to the bank's claim for the amount due
on the $400 note. The real situation then is this: the $800
note, though held by the bank as security for Baum's $400
loan, became the property of Evenson in the deal with Baum,
subject to the bank's claim for whatever might be due upon
Baum's indebtedness of $400. Baum paid $600 to Evenson,
it is true, but he also executed a note for $400 with Evenson
for which, by agreement, the $800 note was to remain as se-
curity. He also received a surrender of his $800 note on
which $400 was then due, so that Baum then owed Evenson
$600 and was indebted to the bank in the sum of $400, which
later indebtedness was taken up by the surrender to him of
his $800 note upon which $400 was then due, and substituted
for this $400 indebtedness the $400 note given by Evenson
and Baum, payment of which the $800 note was to secure,
the balance of the $800 belonging to Evenson as part of the
consideration received in the deal with Baum.

The reason for this substitution of Evenson's and Baum's
note for $400 for the Baum note of $800 upon which $400
was then due is not made clear by the record, but it seems to
us that it is evident that, inasmuch as Evenson was the owner
of the $800 note which was to remain as security for the $400
note, the bank desired Evenson's name to appear as the maker
of this last note in order that he could raise no question as
to the bank's claim upon the $800 security note. The find-
ings recite that the bank has an interest in this $800 note to
the extent of $400 and accrued interest on the Evenson and
Baum note, the balance belonging to Evenson.

We are satisfied that, notwithstanding the complicated
manner in which the parties acted, the lower court reached
the right conclusion. The $800 note with Baum's liability
thereon as indorser belongs to Evenson, and Baum's indebted-
ness to the bank remains the same as before, the only differ-

ence being that, by agreement of all parties, the note of $400, signed by himself and Evenson, was substituted for his original $800 note and the $400 then due.

The judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.